**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

RANDY TATE,

                Plaintiff,

vs.

SOCIAL SECURITY ADMINISTRATION

                Defendant.

Case No. 2:16–cv–141–JAD–VCF

**REPORT & RECOMMENDATION**

      Before the court is Plaintiff Randy Tate's amended complaint. (Doc. #5). Tate was previously granted leave to proceed with this action *in forma pauperis*. (Doc. #2). Pursuant to 28 U.S.C. § 1915(e)(2), the court screens Tate's amended complaint to determine whether his amended complaint is frivolous, malicious, or fails to state a claim for which relief may be granted. For the reasons stated below, Tate's amended complaint should be dismissed for failure to exhaust his administrative remedies.

**I. Background**

      On January 26, 2016, Plaintiff Randy Tate sued the Social Security Administration, seeking to withdraw funds paid into Social Security during his lifetime. (Doc. #1-1). Tate also filed a petition to proceed *in forma pauperis*. This court granted Tate's petition to proceed *in forma pauperis*, but recommended that Tate's complaint be dismissed for failure to state a claim for which relief could be granted. (Doc. #2). The district court adopted this court's recommendation and dismissed Tate's complaint with leave to amend. (Doc. #4).

      On March, 24, 2016, Tate filed his amended complaint. (Doc. #5). Tate now seeks judicial review of the administrative law judge's (hereafter "the ALJ") decision partially granting Tate social security disability benefits.

**II. Legal Standard**

"Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."  42 U.S.C. § 405(g).

"A final decision has two elements: (1) presentment of the claim to the Commissioner, and (2) complete exhaustion of administrative remedies."  *Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003).  "The presentment requirement is jurisdictional, and therefore cannot be waived by the Secretary or the courts."  *Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993).  ""The exhaustion requirement … is not jurisdictional, and thus, is waivable by either the Secretary or the courts."  *Id.*  A decision on the merits by the Social Security Appeals Council is a "final decision" reviewable by a federal court.  *Peterson v. Califano*, 631 F.2d 628, 629 (9th Cir. 1980).

In order to waive the exhaustion requirement, "[t]he claim must be (1) collateral to the substantive claim of entitlement (collaterality), (2) colorable in its showing that denial of relief will cause irreparable harm (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility)."  *Kidare*, 325 F.3d at 1082.

**III. Discussion**

As an initial matter, Tate's exhaustion requirement should not be waived.  "A plaintiff's claim is collateral if it is not essentially a claim for benefits."  *Johnson*, 2 F.2d at 921.  Here, Tate's claim is one for benefits; Tate seeks "back payments" for a time period when Tate alleges he was disabled.  (Doc. #5 at 2).  As Tate fails to satisfy the collaterality requirement, the court should not waive the requirement

2

that Tate exhaust his administrative remedies before bringing a civil action against the Social Security Administration.

Tate's amended complaint should be dismissed for failure to exhaust administrative remedies. In October 2012, Tate filed a claim for social security disability benefits with the Social Security Administration. (Doc. #5-1 at 2). Tate's claim was initially denied, but he was granted partial relief after a December 2014 rehearing before an ALJ. (Doc. #5-1 at 9). Based on the documents submitted with Tate's amended complaint, it does not appear, nor does Tate allege, that he appealed the ALJ's December 2014 decision to the Social Security Appeals Council. Tate now asks the court to review the ALJ's December 2014 decision. The court cannot conduct the review Tate requests as there has been no "final decision" from the Social Security Administration for the court to review. *See Peterson*, 631 F.2d at 629. Even if the ALJ's December 2014 decision were reviewable, Tate fails to explain why he waited over a year to bring the instant action. 42 U.S.C. § 405(g) ("an individual … may obtain a review of [a final] decision by a civil action commenced within <u>sixty</u> days after the mailing to him of notice of such decision"). On these facts, further leave to amend will not cure the deficiencies in Tate's amended complaint. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

ACCORDINGLY, and for good cause shown,

IT IS HEREBY RECOMMENDED that Tate's amended complaint (Doc. #5) be DISMISSED with prejudice.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1)

3

failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** *See* LSR 2-2.F

IT IS SO RECOMMENDED.

DATED this 25th day of March, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE